# IN THE COURT OF APPEALS OF TENNESSEE
## AT  KNOXVILLE
Assigned on Briefs July 14, 2015

## FREDERICK MICHAEL BORMAN v. LARRY KEVIN PYLES-BORMAN

**Appeal from the Circuit Court for Roane County**
**No. 14CV36        Russell E. Simmons, Jr., Judge**

---

### No. E2014-01794-COA-R3-CV-FILED-AUGUST 4, 2015

---

In this case a same-sex couple lawfully married in Iowa sought to obtain a divorce in Tennessee and raised a constitutional challenge to Tenn. Const. art. XI, § 18 and Tenn. Code Ann. § 36-3-113 (collectively "the Anti-Recognition Laws"). Tennessee's Attorney General was granted leave to intervene in the suit. After a hearing the Circuit Court for Roane County ("the Trial Court") held, *inter alia*, that the Anti-Recognition Laws did not violate the United States Constitution. Frederick Michael Borman appealed to this Court. While the appeal was pending, the United States Supreme Court issued its Opinion in *Obergefell v. Hodges*, 576 U.S. ___ (2015) holding, *inter alia*, that a State may not refuse to recognize a lawful same-sex marriage performed in another State. We, therefore, reverse the Trial Court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**
**Case Remanded**

D. MICHAEL SWINEY, delivered the opinion of the court, in which JOHN W. MCCLARTY, and THOMAS R. FRIERSON, II, JJ., joined.

Mark N. Foster, Rockwood, Tennessee, for the appellant, Frederick Michael Borman.

Herbert H. Slatery, III, Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Kathryn A. Baker, Assistant Attorney General for the intervenor-appellee, State of Tennessee.

# OPINION

## Background

Two men, Frederick Michael Borman ("Plaintiff") and Larry Kevin Pyles-Borman ("Defendant"), were married in August of 2010 in the State of Iowa, whose laws allowed individuals of the same sex to marry. Iowa law did not require that the individuals marrying be residents of Iowa, and the parties' marriage certificate stated that the parties were residents of Roane County, Tennessee. Iowa law, however, does require residency for a specified minimum period in order to obtain a divorce in Iowa.

Plaintiff and Defendant have continued to reside in Tennessee, and, therefore, Plaintiff filed his complaint for divorce ("the Complaint") in Roane County, Tennessee. In the Complaint Plaintiff raised a constitutional challenge to the Anti-Recognition Laws, which refused to recognize the marriage because it did not occur between 'one man and one woman.' Plaintiff alleged that the Anti-Recognition Laws violated the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States and the Full Faith and Credit Clause of the Constitution of the United States. The Tennessee Attorney General was notified of the constitutional challenge and was granted leave to intervene in the suit.

After a hearing the Trial Court entered its order on August 19, 2014 finding and holding that the Anti-Recognition Laws do not violate the Equal Protection Clause of the Constitution of the United States and do not violate the Full Faith and Credit Clause of the Constitution of the United States. Plaintiff appealed the August 19, 2014 order to this Court.

## Discussion

On appeal the Attorney General, on behalf of the State of Tennessee as intervenor, filed a motion to hold the appeal in abeyance pending the United States Supreme Court's decision in *Obergefell v. Hodges*, Nos. 14-556, 14-562, 14-571, 14-574 (U.S.). By order entered March 12, 2015, this Court granted the Attorney General's motion to hold the case in abeyance pending the United States Supreme Court decision in *Obergefell v. Hodges*.

The United States Supreme Court issued its opinion in *Obergefell v. Hodges*, 576 U.S. ___ (2015) on June 26, 2015. By order entered that same day this Court ordered supplemental briefing addressing *Obergefell v. Hodges* and its impact on the instant case. The parties filed supplemental briefs as directed.[1] In its supplemental brief the State concedes that *Obergefell* compels the outcome in this case. Although oral argument initially was requested in this case, we find that oral argument is no longer necessary, and we will proceed to decide this appeal on briefs and the record before us.

As pertinent to the case now before us, the United States Supreme Court held in *Obergefell* "that there is no lawful basis for a State to refuse to recognize a lawful same-sex marriage performed in another State on the ground of its same-sex character." *Obergefell*, 576 U.S. at ___. "[W]e, as an intermediate appellate court, are bound by the decisions of the Tennessee Supreme Court as to state and federal constitutional questions, and the United States Supreme Court as the ultimate authority as to federal constitutitional questions." *State v. Pendergrass*, 13 S.W.3d 389, 397 (Tenn. Crim. App. 1999). Given this, we reverse the Trial Court's August 19, 2014 order and remand this case for further proceedings consistent with the United States Supreme Court's Opinion in *Obergefell* and this Opinion.

### Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for further proceedings and for collection of the costs below. The costs on appeal are assessed against the intervenor-appellee, the State of Tennessee.

_____
D. MICHAEL SWINEY, JUDGE

---

[1] Plaintiff requested in his supplemental brief that we order that mandate issue immediately on our Opinion pursuant to Tenn. R. App. P. 42(a). We decline to do so.

3